IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MYERS, | No. 4:22-CV-00481 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MS. MUSHTAQ, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY   , 2023

On March 30, 2022, Plaintiff Michael Myers, a Pennsylvania state inmate, currently confined in the State Correctional Institution, Camp Hill, Pennsylvania ("SCI-Camp Hill"), filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983.[1] The named Defendants are the following SCI-Camp Hill employees: Psychiatrist Ms. Mushtaq, Psychologists Ms. Gerson and Ms. Riley; and Correctional Officer Ms. Thomas.[2] Myers alleges that while confined at SCI-Camp Hill between March 25, 2020 and March 25, 2022, he was "forced psychotropic medications, assaulted, raped [and] sexual harassment."[3] He also claims he was "strapped to a bed for 30 days" and "they used a shield and cuffs," placing a "plastic bag over [his] head and attempted to murder [him]."[4] Finally,

---

1   Doc. 1.
2   *Id.*
3   *Id.*
4   *Id.*

Myers contends that he was "assaulted and chained to the floor" and "given food loaf."[5]  For all these "human rights violations," in "violation [of] Geneva convection," Myers seeks compensatory and punitive damages as well as injunctive relief stopping "retaliations transfer" and "forced psychotropic medications."[6]

On June 23, 2022, Defendant Mushtaq filed a motion to dismiss Plaintiff's complaint.[7]  On June 29, 2022, remaining Defendants Gerson, Riley, and Thomas, filed an answer to the complaint.[8]

Because Defendant Mushtaq raised the issue of exhaustion and submitted matters outside of the pleadings, on August 4, 2022, the Court notified the parties that pursuant to Federal Rule Civil Procedure 12(d), Defendant's motion to dismiss would be converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the Court would consider exhaustion in its role as factfinder in accordance with *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018) and *Small v. Camden Cty.*, 728 F.3d 265 (3d Cir. 2013).[9]  At that time, the Court instructed Defendant Mushtaq to file a Statement of Material Facts in accordance with Local Rule 56.1 and directed Myers to respond to the Defendant's motion and Statement of Material Facts in the time and manner dictated by the Federal Rules

---

[5]   *Id*.
[6]   *Id*.
[7]   Doc. 25.
[8]   Doc. 28.
[9]   Doc. 70.

of Civil Procedure and Local Rules of Court.[10]

On August 24, 2022, Defendant Mushtaq filed a brief in support of the converted motion for summary judgment, along with a statement of material facts and supporting exhibits.[11] On September 23, 2022, Plaintiff filed a supplemental brief in opposition to Defendant's motion.[12] To date, however, Plaintiff has failed to controvert Defendants' Statement of Material Facts. Consequently, the Statement of Material Facts is deemed admitted.

Also before the Court is Plaintiff's motion for preliminary injunctive relief, in which Plaintiff requests the Court order the discontinuation of psychotropic medication.[13]

For the reasons set forth below, Defendant Mushtaq's motion for summary judgment will be granted and Plaintiff's motion for injunctive relief will be denied.

## I.     STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[14] A disputed fact is material when it could affect the

---

[10]   *Id.*
[11]   Doc. 78.
[12]   Doc. 88.
[13]   Doc. 75.
[14]   Fed. R. Civ. P. 56(c).

outcome of the suit under the governing substantive law.[15] A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[16] The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.[17] When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[18] Initially, the moving party must show the absence of a genuine issue concerning any material fact.[19] Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[20] "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[21] "If a party ... fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[22]

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for

---

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[16] *Id.* at 250.
[17] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[18] *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").
[19] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[20] *Anderson*, 477 U.S. at 257.
[21] *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).
[22] Fed. R. Civ. P. 56(e)(2)-(3).

trial'."[23]  Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[24]

## II.   STATEMENT OF MATERIAL FACTS

The DOC Inmate Grievance System policy, DC-ADM-804, is intended to deal with a wide range of issues, procedures, or events that are of concern to the inmate who is personally affected by a DOC or facility action and policy.[25]  The policy provides a three-step process for resolution of inmate grievances: (1) the initial grievance and staff response that must be submitted to the Facility Grievance Coordinator; (2) the appeal to the Facility Manager or Superintendent and response; and (3) and the final appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") and response.[26]  If the inmate is dissatisfied with the decision of the Grievance Coordinator, he may appeal to the Facility Manager.[27]  If dissatisfied with the outcome of that appeal, he may seek review with the SOIGA, the final level of appeal.  (*Id.* at p. 10, ¶ 16).

Amanda West ("West") the Administrative Officer in the SOIGA is responsible for tracking, reviewing, maintaining accurate files of documentation

---

[23]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).
[24]  *Celotex Corp.*, 477 U.S. at 322.
[25]  Doc. 78-3 at 1-35.
[26]  *Id.*
[27]  *Id.*

and addressing final appeals of grievances.[28] West reviewed the grievance appeal records and determined that Myers did not file any grievances during the time frame referred to in his complaint, March 25, 2020 through the present.[29] West did, however, produce a single handwritten letter from Myers relating to the status of Grievance No. 916133 filed with SOIGA on March 19, 2021.[30] Plaintiff's letter concerned a dispute regarding Myer's personal property and per notations from SOIGA, Myers withdrew the grievance subsequent to its filing.[31]

### III. DISCUSSION

Defendant Mushtaq seek an entry of summary judgment based on Myers' failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)a. The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions."[32] "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the

---

[28] Doc. 32-4 at 1.
[29] *Id*.
[30] *Id*.
[31] Doc. 78-5.
[32] *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.").

prison grievance process itself."[33] To "complete the administrative review process," means "substantial" compliance with the prison's grievance procedures.[34]

While the PLRA requires that prisoners comply with the procedural demands of a system created by their jailors, those jailors must also comply with the demands of the system they created.[35] Consequently, "[a]s soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement."[36]

"The only limit to § 1997e(a)'s [exhaustion] mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'"[37] In other words, "the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."[38] "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'"[39] "Accordingly, an

---

[33] *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).
[34] *See Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004) (citing *Nyhuis*, 204 F.3d at 77–78).
[35] *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019).
[36] *Id*.
[37] *Ross*, 136 S. Ct. at 1862 (quoting § 1997e(a)).
[38] *Id*. at 1858 (quoting § 1997e(a)).
[39] *Id*. (quoting *Booth v. Churner*, 532 U.S. 731, 737–38 (2001) (internal citations and quotation marks omitted)).

inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"[40]

It is undisputed that Myers failed to pursue available administrative relief with regard to the conditions of confinement at SCI-Camp Hill. Although SOIGA did produce a single letter from Plaintiff relative to the appeal status on Grievance No. 916133, per the contents of Plaintiff's letter that grievance concerns a dispute regarding Plaintiff's personal property. There is no mention of the claims asserted against Dr. Mushtaq. Further, Plaintiff withdrew that grievance prior to completing the appeals process on the merits. Accordingly, Grievance No. 916133 did not complete the DOC's appeals process on the merits and cannot show exhaustion of administrative remedies. Further, even if Grievance No. 916133 had completed the appeals process on the merits, it does not identify any of the named Defendants by name, title, or role, nor does it relate to Plaintiff's claims in the instant matter. Plaintiff offers nothing in opposition to Defendant's motion.[41]

---

[40] *Id*. at 1859 (quoting *Booth*, 532 U.S. at 738).
[41] Plaintiff's opposition to Defendant's converted motion consists solely of a September 8, 2022 Initial Review Response denying Plaintiff's unverified request to have a phone number added to his list as an attorney. Doc. 87. This initial review response post-dates the filing of the instant action and addresses a matter not raised herein. As such, Plaintiff's brief in opposition offers nothing to counter Defendant's failure to exhaust argument.

Consequently, Defendants are entitled to an entry of summary judgment based on Myer's failure to exhaust available administrative remedies before filing suit as required by the PLRA.[42]

Moreover, because it is beyond dispute that Plaintiff failed to exhaust his remedies, debilitating any chance for success of the above captioned action, the Court finds that, based upon the foregoing, the remaining Defendants, Ms. Gerson, Ms. Riley, and Ms. Thomas, are also entitled to dismissal pursuant to of 28 U.S.C. § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim upon which relief may be granted.  Additionally, because the Court finds based on the record submitted, that Plaintiff has procedurally defaulted on his administrative grievance, and did not and cannot fully exhaust his remedies, any further leave to amend the complaint would be futile and will not be permitted.[43]

Finally, because Plaintiff failed to exhaust his administrative remedies with respect to his claim that psychotropic medications have been forced on him, he

---

[42] *See Woodford*, 548 U.S. at 92 (mandating complete exhaustion of all administrative remedies before filing suit); *see also Rivera v. Pa. Dep't of Corr.*, 388 Fed.Appx. 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies prior to filing a civil action in federal court").

[43] The Court recognizes that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *See Fletcher–Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007). However, it is unnecessary to permit further amendment when granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

cannot establish a likelihood of success on the merits, and his motion requesting Defendants refrain from forcing such medications on Plaintiff must be denied.[44]

## IV.  CONCLUSION

Based on the foregoing, the Court will grant summary judgment in favor of Defendant Mushtaq for Plaintiff's failure to exhaust administrative remedies prior to filing the above captioned action.  Additionally, remaining Defendants, Ms. Gerson, Ms. Riley, and Ms. Thomas will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Finally, Plaintiff's motion for injunctive relief will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[44]  *Cf. Hankins v. Temple Univ. (Health Scis. Ctr.),* 829 F.2d 437, 438 n.1 (3d Cir. 1987) (holding "motion for a preliminary injunction [is] rendered moot by the issuance of the district court's final order on the merits"); *Hardy v. Shaikh*, No. 1:18-CV-1707, 2019 WL 1756535, at *6 (M.D. Pa. Apr. 19, 2019) (motion for preliminary injunction mooted by determination that plaintiff "failed to exhaust his administrative remedies").